United States District Court
Southern District of Texas
**ENTERED**
June 09, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| POLAR PRO FILTERS INC., | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-1706 |
| FROGSLAYER, LLC, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER DENYING POLAR PRO'S MOTION TO ALTER OR AMEND

In April 2020, the court issued a Memorandum and Order denying Frogslayer's motion to dismiss Polar Pro's contract-based and fraud-based claims. (Docket Entry No. 37). Frogslayer asks the court to reconsider and alter or amend its rulings under Rule 59(e), asserting a number of factual errors in some of the court's statements in the Memorandum and Order, and a "manifest error of law" in the application of the Fed. R. Civ. P. 9(b) pleading rule that allows fraud allegations on information and belief when the facts relating to the fraud are only within the alleged fraudster's knowledge. (Docket Entry No. 39 at 4). Frogslayer also argues that the court erred in holding that its time-and-materials defense to the contract claims and the economic loss doctrine defense to the fraud claims did not apply. (*Id.* at 6).

In response, Polar Pro disputes that the court's rulings were grounded on either factual or legal errors. (Docket Entry No. 42). Polar Pro emphasizes both that altering, amending, or reconsidering a ruling under Rule 59(e) is an extraordinary and sparingly used remedy, and that the court's rulings were proper in light of the pleadings and record. (*Id.* at 2–5). Polar Pro notes that Frogslayer relitigates the same arguments, law, and facts it presented in its motion to dismiss. (*Id.*). The court carefully examined those arguments when Frogslayer made them the first time

and found that they did not support the dismissal of Polar Pro's claims. (*See* Docket Entry Nos. 27, 37). Frogslayer identifies no new facts, evidence, or law that would change the analysis or outcome.

Frogslayer challenges the court's denial of its motion to dismiss the contract claims based on a finding that Frogslayer failed to raise available defenses in its first motion to dismiss, but instead waited until that motion failed. (Docket Entry No. 39 at 3). The defenses were available earlier, but not raised until Frogslayer, having failed to obtain dismissal on its first try, decided to try again. The record reveals no factual or legal error warranting altering or amending the ruling on the second motion to dismiss.

Frogslayer also challenges the court's refusal to dismiss Polar Pro's fraud claim, asserting that the court manifestly erred in applying the Rule 9(b) exception to the heightened pleading requirement. (Docket Entry No. 39 at 4). Again, the record does not support this argument. The court found that the fraud pleading allegations were sufficient to meet the Rule 9(b) requirements. (*See* Docket Entry No. 37 at 11–12). The court sees no manifest error of law.

Frogslayer's final argument is that the court erred in holding that the economic-loss doctrine defense to Polar Pro's fraud claim did not apply. (Docket Entry No. 39 at 6). The court denied the motion to dismiss the fraud claim under that defense. (*See* Docket Entry No. 37 at 12–14). The court found that the defense did not apply because the fraud claims were based on the misrepresentations alleged, not solely on the contract breach. (*Id.*). The allegations in Polar Pro's complaint that Frogslayer's tortious conduct—its fraud—injured Polar Pro independently of the breach of contract meant that the economic-loss doctrine did not bar the fraud claim.

Motions challenging the pleadings have occupied the parties and the court since the case was filed in 2019. Discovery into the merits has been delayed and is overdue. A scheduling order is in place. The court looks forward to resolving the issues on the merits on the fuller record that discovery will provide.

The motion for reconsideration and to alter or amend, (Docket entry No. 39), is denied.

SIGNED on June 9, 2020, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge